**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:23-CV-00490-RGJ-CHL**

TAMARA M.,[1]  **Plaintiff,**

v.

COMMISSIONER OF SOCIAL SECURITY,  **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is the Complaint filed by Plaintiff, Tamara M. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) This case was referred to the undersigned Magistrate Judge to prepare a report and recommendation. (DN 8.) Claimant and the Commissioner filed each filed a Fact and Law Summary, and Claimant filed a reply. (DNs 9, 11, 12.) Therefore, this matter is ripe for review.

For the reasons set forth below, the undersigned recommends that the final decision of the Commissioner be **AFFIRMED**.

**I.      FINDINGS OF FACT**

On September 12, 2017, Claimant filed an application for disability insurance benefits ("DIB") alleging disability beginning on August 16, 2017. (R. at 15, 77-79, 91-93, 212-18, 1051.) On April 13, 2020, Administrative Law Judge ("ALJ") Boyce Crocker ("the ALJ") conducted a hearing on Claimant's application.[2] (*Id.* at 29-71.) In a decision dated April 29, 2020, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.
[2] The ALJ first tried to conduct the hearing on August 19, 2019, but the hearing had to be continued due to an emergency. (*Id.* at 72-76.)

determine whether an individual is disabled and found that Claimant was not disabled. (*Id.* at 12-28.) Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on January 27, 2021. (*Id.* at 1-6, 207-11.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Claimant sought judicial review of the Commissioner's final decision. *Tamara M. v. Comm'r*, No. 3:21-cv-172-RSE (W.D. Ky. filed Mar. 17, 2021). Claimant and the Commissioner then filed a joint motion to remand the case to the Commissioner, which the Court granted, entering judgment on December 16, 2021. Order, DN 17, *Tamara M. v. Comm'r*, No. 3:21-cv-172-RSE (W.D. Ky. entered Dec. 16, 2021); Judgment, DN 18, *Tamara M. v. Comm'r*, No. 3:21-cv-172-RSE (W.D. Ky. entered Dec. 16, 2021).

On June 11, 2022, the Appeals Council remanded this case to the ALJ for resolution of several issues identified in the original decision regarding the ALJ's step four findings. (R. at 1102-06.) On February 15, 2023, the ALJ held an additional hearing on Claimant's application. (*Id.* at 1070-1101.) At the hearing and in a letter prior to the hearing, Claimant's counsel notified the ALJ that there were medical records outstanding, and the ALJ allowed two weeks for those records to come in. (*Id.* at 1100, 1219.) The identified records were from Commonwealth Pain and Spine for date of service December 24, 2019, and forward. (*Id.* at 1219.) On March 2, 2023, Claimant's attorney advised the ALJ that the records hadn't yet been obtained and that the provider was requesting a fee counsel deemed to be in excess of what Kentucky law permitted; Claimant's attorney requested the ALJ's assistance in obtaining the records. (*Id.* at 1220.) On March 8, 2023, the Office of Hearing Operations and the ALJ issued a subpoena to Commonwealth Pain and Spine

for "[a]ll medical records of treatment for [Claimant] from Dec. 24, 2019 – Present." (*Id.* at 1167-69.) But provider never responded to the subpoena. (*Id.* at 1051.)

On April 28, 2023, the ALJ issued a new decision on Claimant's application in which he again engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled and found that Claimant was not disabled. (*Id.* at 1047-69.) In doing so, the ALJ made the following findings:

1. The claimant will meet the insured status requirements of the Social Security Act until June 30, 2023. (*Id.* at 1053.)

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of August 16, 2017, through the date of this decision. (*Id.*)

3. Through the date last insured, the claimant had the following severe impairments: obesity; degenerative disc disease of the cervical, lumbar, and thoracic spine, fibromyalgia, Posterior Reversible Encephalopathy Syndrome (PRES), left shoulder tendinitis, mild bilateral hip osteoarthritis with bursitis, left shoulder tendinitis, and obstructive sleep apnea. (*Id.*)

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 1054.)

5. [T]hrough the date late insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except can occasionally climb ramps and stairs, no ladders, ropes or scaffolds, can occasionally stoop, occasionally kneel, crouch and crawl; can occasionally overhead reach with the bilateral upper extremities; frequent handling and fingering with the bilateral upper extremities; avoid concentrated exposure to vibration, unprotected heights and moving machinery. (*Id.*)

6. Through the date last insured, the claimant was capable of performing past relevant work as an accounting clerk, data entry clerk, and administrative clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. (*Id.* at 1061.)

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 16, 2017, the alleged onset date, through June 30, 2023, the date last insured. (*Id.* at 1062.)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on August 18, 2023. (*Id.* at 1041-46, 1170-72, 1221-24.) At that point, the ALJ's new decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a); 42 U.S.C. § 405(h). Claimant timely filed this action on September 19, 2023. (DN 1.)

## II.     CONCLUSIONS OF LAW

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2023).

### A.     Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to

follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B.     Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2023). In summary, the evaluation process proceeds as follows:

(1)  Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2)  Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[3] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3)  Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4)  Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5)  Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the

---

[3] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2023).

Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Claimant's Contentions

Claimant sole argument is that the ALJ failed in his duty to develop the record with respect to the records from Commonwealth Pain and Spine that were subpoenaed and never received. (DNs 9, 9-1.) She emphasized that when the provider didn't respond to the ALJ's subpoena, the ALJ should have complied with the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX")provision I-2-5-82, provided notice to her, or otherwise addressed the issue of the missing records in his decision. (DN 9-1, at PageID # 1486-87.) She argued that the records at issue "were vitally important to [her] claim, both because they covered a significant portion of the claim period and because they provide[d] insight into several of the conditions the ALJ found severe at Step 2 of the sequential evaluation process." (*Id.* at 1487-88.)

The ALJ does have a duty to develop the record and must ensure that "every claimant receives a full and fair hearing."[4] *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson*, 402 U.S. at 410). But at the same time "[p]romoting the

---

[4] Claimant's brief conceded that in this case the ALJ did not have a heightened duty to develop the record because she was represented by counsel. (DN 9-1, at PageID # 1487.) But the Sixth Circuit in *Moats v. Commissioner of Social Security.* distinguished the case most frequently cited by claimants and courts to support the existence of a heightened duty, *Lashley v. Secretary of Health and Human Services*, noting that "[t]ime and practice together confirm that *Lashley* is best viewed as an extreme example of an ALJ failing to adequately develop the record before it." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 564 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023). Thus, the idea of a "heightened duty" to unrepresented Claimants was significantly narrowed by the Sixth Circuit. The "extreme circumstances" of *Lashley* are not present in the instant case. In *Lashley*, the claimant was not represented by counsel and only had a fifth-grade education. *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1050-52 (6th Cir. 1983). A series of strokes left Lashley unable to articulate his thoughts and impaired his ability to read. *Id.* Here, in contrast, Claimant was represented by an attorney at the hearing, has an associate's degree, and could articulate her thoughts while testifying. (R. at 1070-1101.) Thus, the undersigned finds that Claimant has not shown that her case was an "extreme" situation in which the ALJ had a heightened duty to develop the record.

claimant's case, of course, is not the ALJ's obligation," and the ALJ remains "a neutral factfinder, not an advocate." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023) (citing *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (plurality opinion)). Thus, the claimant has the ultimate burden of proving disability. *Id.*; 20 C.F.R. § 404.1512(a) (2023).

With this background in mind, the undersigned first turns to Claimant's argument that the ALJ should have complied with HALLEX I-2-5-82 when Commonwealth Pain and Spine did not respond to the subpoena he issued. The HALLEX is available through the Social Security Administration's website and "provides 'guiding principles, procedural guidance and information' to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008), *as amended* (quoting in part HALLEX, I-1-0-1). HALLEX I-2-5-82 provides that where an individual has refused to comply with a subpoena, the ALJ "will consider any change in circumstance since issuing the subpoena and re-evaluate whether the evidence or facts requested are reasonably necessary for full presentation of the case." HALLEX I-2-5-82, https://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-82.html (last visited July 21, 2024). The latter is the finding the ALJ is required to make before issuing a subpoena in the first place. HALLEX I-2-5-78(A), https://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-78.html (last visited July 21, 2024) ("When it is reasonably necessary for the full presentation of a case, an administrative law judge (ALJ) may issue a subpoena on his or her own initiative or at the request of a claimant or appointed representative."); 20 C.F.R. § 404.950(d)(1) (2023). Only if after that re-evaluation the ALJ again "finds [that] the information is reasonably necessary for the full presentation of the case" will he or she proceed with the other steps set forth in HALLEX I-2-5-82. HALLEX, I-2-5-82. Unlike HALLEX I-2-5-78(D) regarding the denial of a claimant's initial request to issue a

subpoena, HALLEX I-2-5-82 does not require the ALJ to communicate with the claimant about his re-evaluation. Nor does it include any requirement that the ALJ discuss the reasons for not taking further action in his decision or elsewhere in the record. Given this absence of an articulation or communication requirement, it is unclear how the ALJ's failure to discuss his decision to not follow up on the subpoenaed records from Commonwealth Pain and Spine in his written decision or to communicate about the same to Claimant or her counsel was a violation of the HALLEX provision.

But more importantly, the Sixth Circuit has noted that the HALLEX is not binding on the courts. *Bowie*, 539 F.3d at 399; *see also Dukes v. Comm'r of Soc. Sec.*, No. 1:10-CV-436, 2011 WL 4374557, at *9 (W.D. Mich. Sept. 19, 2011). And "many district courts in this circuit have concluded that a deviation from the instructions in HALLEX does not warrant remand." *Biddle v. Colvin*, No. 2:13-CV-96-JMH, 2014 WL 4384374, at *8 (E.D. Ky. Sept. 2, 2014) (collecting cases). Claimant has provided no authority to support that an ALJ's failure to comply with a HALLEX provision is the type of legal error that automatically "denotes a lack of substantial evidence." *Cole*, 661 F.3d at 937. Thus, notwithstanding whether the ALJ complied with HALLEX I-2-5-82, the undersigned finds Claimant has not demonstrated that such noncompliance constitutes reversible error.

The only case cited by Claimant in support of any alleged error by the ALJ here was *Bennett v. Colvin*, No. 3:15-cv-00302, 2016 WL 308777, at *1 (N.D. Ohio Jan. 26, 2016). (DN 9-1, at PageID # 1488.) In *Bennett*, the United States District Court for the Northern District of Ohio found that a remand was appropriate where an ALJ had issued a subpoena for records from a provider Bennett referred to as her treating psychologist and had issued a decision in the absence of those records. *Bennett*, 2016 WL 308777, at *3. The *Bennett* ALJ had referenced the provider's

8

refusal to respond to the subpoena in the decision itself but had not discussed whether any circumstances had changed since the subpoena was issued or whether the records "remained necessary." *Id.* at *4. The *Bennett* court found that an "ALJ's failure to articulate the reasons for not enforcing the subpoena does not automatically require a remand." *Id.* at *5. But in that case, the court noted that the ALJ still had a duty to develop the record with which it thought the ALJ had not complied given that the subpoena "sought mental health treatment records from a *treating* source to supplement what appear[ed] to be a paucity of evidence concerning Bennett's mental health issues." *Id.* at *6 (emphasis in original).

The instant case is distinguishable from *Bennett*. Claimant contends that the missing records provide insight into her degenerative disc disease, fibromyalgia, left shoulder tendinitis, and bilateral hip osteoarthritis with bursitis, which the ALJ found to be severe impairments. (DN 9-1, at PageID # 1487-88; R. at 1053.) But the ALJ had significant medical records regarding these conditions, and his decision contained citations to medical records between 2017 and 2022 without any significant gaps. (R. at 1056-60.) The ALJ also already had some records from the provider at issue.[5] (*Id.* at 477-81, 513-27, 544-69, 612-45 (documenting visits from May, July, August, October, November, and December 2018 and February, March, April, June, August, October, and December 2019).) Further, Claimant's attorney noted during the hearing that the missing records supported Claimant's testimony regarding injections she had received to assist with her ability to move her arms. (*Id.* at 1089, 1100.) In his decision, the ALJ noted Claimant received previous injections and medial branch nerve blocks. (*Id.* at 1057 (citing *id.* at 477-81, 544-69).) But the ALJ emphasized that as of a December 2019 pain management visit to

---

[5] The subpoena was issued to "Commonwealth Pain and Spine" but the records previously received were from "Commonwealth Pain Associates PLLC." (*Compare id.* at 1167-69, *with id.* at 477-81, 513-27, 544-69, 612-45.) However, both providers have the same address and in at least two places in the records the ALJ already had, the name "Commonwealth Pain and Spine" appears. (*Id.* at 516, 561.) Accordingly, it appears the two providers are the same.

Commonwealth Pain Associates, Claimant "declined additional injections, noting they did not provide lasting relief." (*Id.* at 1058 (citing *id.* at 612-45).) In formulating Claimant's RFC, the ALJ noted that unlike the injections other medication did help Claimant manage her pain and engage in activities. (*Id.* at 1060.) Thus, it is unclear how the additional records would have developed the record before the ALJ, and Claimant's brief provided no detailed description of any gaps in the present record that the missing records would have filled. Under these circumstances, the undersigned cannot find that the ALJ failed in his duty to develop the record by not obtaining the additional records.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **AFFIRMED**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:   Counsel of Record
      July 26, 2024

**Notice**

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all Parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).