UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TAMARA M.                                                                                                      Plaintiff

v.                                                               Civil Action No. 3:23-cv-490

MARTIN O'MALLEY, COMMISSIONER                                    Defendant
OF THE SOCIAL SECURITY
ADMINISTRATION

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Tamara M.[1] ("Tamara") filed this action seeking review of her denial of disabilities benefits by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The case was referred to United States Magistrate Judge Colin H. Lindsay who issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 13]. Tamara timely filed objections [DE 14] and the Commissioner responded [DE 16]. Tamara has not replied and the time for doing so has passed. The matter is ripe. For the reasons below, the Court **OVERRULES** Tamara's Objections [DE 14] and **ACCEPTS** Magistrate Judge Lindsay's R&R [DE 13] without modification.

### I.     BACKGROUND

The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 13 at 1516-19].

Tamara applied for disability insurance benefits ("DIB"), and she appeared before an administrative law judge ("ALJ") on April 13, 2020. [DE 13 at 1516]. The ALJ ruled against Tamara, and she subsequently requested an appeal to the Appeals Council, which was denied. [*Id*.

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

1

at 1517]. Because the Appeals Council denied Tamara's review, the ALJ's decision became the final decision of the commissioner. *See* 20 C.F.R. § 422.210(a) (2023); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Tamara then sued to obtain judicial review of the Commissioner's decision, where she and the Commissioner jointly moved to remand the case to the Commissioner, which was granted. [DE 13 at 1517].

On February 15, 2023, the ALJ held an additional hearing on Tamara's application. [*Id*.]. Prior to the hearing, Tamara informed the ALJ that there were outstanding medical records from Commonwealth Pain and Spine, and the ALJ allowed for two weeks for receipt of those records. [*Id*.]. On March 2, 2023, Tamara's attorney informed the ALJ that the medical records were still outstanding, and Commonwealth Pain and Spine required a fee greater than what is permitted by Kentucky law to obtain the records. [*Id*.]. Tamara thus requested assistance from the ALJ, and the ALJ issued a subpoena to Commonwealth Pain and Spine. [*Id*.]. Yet Commonwealth Pain and Spine never responded. [*Id*. At 1518].

On April 28, 2023, the ALJ issued a new decision on Tamara's application and found, once again, that Tamara was not disabled. [*Id*. at 1518]. Tamara then requested an appeal to the Appeals Council, which was denied, and became the final decision of the Commissioner. [*Id*.]. Tamara again sued to obtain judicial review of the Commissioner's decision, arguing "[t]he ALJ failed in his affirmative duty to develop the record.". [DE 9 at 1485]. Tamara argued that the ALJ's decision amounted to legal error because the decision was issued without a response from Commonwealth Pain and Spine. [*Id*.].

After reviewing the record and relevant law, Magistrate Judge Lindsay found that the ALJ's decision was supported by substantial evidence and rejected Tamara's arguments. [DE 13]. Tamara now objects to Magistrate Judge Lindsay's findings in the R&R, arguing: (1) that the

Magistrate Judge failed to adequately "consider or otherwise address the exorbitantly high amount" charged to obtain records by Commonwealth Pain, and (2) "the ALJ failed in his duty to fully and fairly develop the record." [DE 14 at 1526-27, 1529].

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of facts and recommendations for the disposition" of matters including review of the Commissioner's final decision on disability insurance benefits. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is insufficient as it duplicates the Magistrate Judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Id.* The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

### B. Legal Objections

#### i. Addressing the Fee

Tamara contends that Magistrate Judge Lindsay erred by failing to consider the fee charged to obtain records. [DE 14 at 1526]. Yet Tamara does not specify how or why the Magistrate Judge's failure "to consider or otherwise address the high amount of the charge itself" was erroneous. [*Id*.]. Tamara only argues that the Magistrate Judge erred by not considering the charge but does not adequately explain how, if the Magistrate Judge addressed the amount of the charge, it would change his analysis or decision. Thus, Tamara objection is only a general objection and is not sufficient to warrant review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Still, out of an abundance of caution, the Court will consider the merits of Tamara's objection regarding the Magistrate Judge's failure to consider the fee.

Here, Tamara does not express specifically why it was erroneous for Magistrate Judge Lindsay to not address the $212.00 fee. [*See* DE 14]. Assuming that Tamara's argument is that the Magistrate Judge's failure to consider the fee is erroneous because the fee prohibited Tamara from collecting the relevant documents from Commonwealth Pain and Spain, and thus prohibiting the ALJ from issuing a decision with a fully developed the record, this argument is still misguided. When substantial evidence supports the ALJ's decision, the Court must affirm, even if other substantial evidence would support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Thus, even if the fee proves to be substantial evidence that would support the opposite conclusion, that is not enough for remand, because (1) substantial evidence supports the ALJ's findings, and (2) the Magistrate Judge did not err. *See Mullen*, 800 F.2d at 545; *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *and Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727 (6th Cir. 2013). Therefore, Tamara's first objection is overruled.

      **ii.**     **ALJ Failed to Fully Develop the Record**

Tamara's second objection to the R&R's findings regarding the ALJ is identical to the argument made in her initial challenge of the ALJ's finding and does not explain or identify with specificity how the Magistrate Judge erred. [*Compare* DE 9 *with* DE 14]. An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the Magistrate Judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard*, 932 F.2d at 509) ("A general objection to the entirety of the Magistrate's report has the same effects as would a failure to object."). And "[r]ehashing or reiterating a previously raised argument to the Magistrate Judge is not a proper objection under Fed. R. Civ. P. 72(b), and [therefore] the Court will review the R&R only for clear error." *Joyce L. v. O'Malley*, 2024 U.S. Dist. LEXIS 20481, *5. As Tamara's objection is only a general objection to the ALJ's decision, as repeating the same argument made in her initial challenge does not qualify as a specific objection. Thus, the Court need not review whether the ALJ failed to fully develop the record de novo. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Nevertheless, the Court has conducted its own review of the record and finds no error in the Magistrate Judge's findings and conclusion to this objection. Therefore, Tamara's second objection is overruled.

## CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Tamara's Objections [DE 14] to the R&R are **OVERRULED**,

(2)  The Report and Recommendation of the United States Magistrate Judge [DE 13] is **ACCEPTED** without modification as the findings of fact and conclusions of law of this Court.

September 19, 2024

Rebecca Grady Jennings, District Judge
United States District Court